UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARGARET M. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04906-SEB-DML |
| ) | |
| WESTIN HOTEL MANAGEMENT, L.P., ) | |
| HOST INDIANAPOLIS, LP, ) | |
| MERRITT HOSPITALITY, ) | |
| HST LESSEE INDIANAPOLIS, LLC, ) | |
| MARRIOTT INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO REMAND**

Now before the Court is Defendants' Motion to Remand [Dkt. 42], filed on June 2, 2020. For the reasons set forth herein, the motion is **denied**.

**Discussion**

Plaintiff Margaret M. Martin, a citizen of Texas, initiated this lawsuit in the Marion Superior Court (Indiana) on November 5, 2019, charging Defendant Westin Hotel Management, L.P. ("Westin Hotel") with negligence following an incident where she purportedly fell and injured herself on the patio of the Westin Hotel in Indianapolis, Indiana. On December 12, 2019, Westin Hotel timely removed[1] this matter to our Court, invoking our diversity jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity between the adverse parties and a claim (or claims) that exceed $75,000,

---

[1] Westin Hotel removed the matter within 30 days of having been served on November 12, 2019, as required by 29 U.S.C. § 1446(b)(1).

1

exclusive of costs and interests. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

As a limited partnership, Westin Hotel's citizenship for the purpose of invoking our diversity jurisdiction is established by that of its members. *See Peters v. Astrazeneca LP*, 224 Fed. App'x 503, 505 (7th Cir. 2007); *Hart v. Terminex Int'l*, 336 F. 3d 541, 542-43 (7th Cir. 2003) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."); *Guar. Case Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) ("[A] limited partnership has the citizenships of each partner, general and limited."). In its Notice of Removal, Westin Hotel reported that its members included WHLP Acquisition, LLC and Starwood Hotels & Resorts Worldwide, LLC. WHLP Acquisition LLC's sole member is Starwood Hotels & Resorts Worldwide, LLC, whose sole member is Mars Merger Sub, LLC. Finally, the sole member of Mars Merger Sub, LLC is Marriott International, Inc., a corporation incorporated in Delaware that has its principal place of business in Maryland, rendering it a citizen of both Delaware and Maryland. *Smoot v. Mazda Motors of Am., Inc*., 469 F.3d 675, 676 (7th Cir. 2006) (noting that a corporation is a citizen of its state of incorporation and the state in which its principal place of business is located). Accordingly, tracing through the many layers of Westin Hotel's partners and members reveals that it is a citizen of Delaware and Maryland.

Westin Hotel's Notice of Removal also confirmed that Ms. Martin was seeking damages "far in excessive of the $75,000 threshold."

Based on the uncontroverted facts presented in Westin Hotel's Notice of Removal, there is no dispute that our diversity jurisdiction was properly invoked at the time this matter was removed to our Court. The controversy over our subject matter jurisdiction arose upon the filing of Ms. Martin's Amended Complaint, as explained below.

In its Answer, filed on January 16, 2020, Westin Hotel denied that it owned or operated the hotel at which Ms. Martin's alleged injuries occurred. It further asserted that various entities operate under the name of Westin pursuant to a Westin licensing agreement. Mr. Martin propounded written discovery to Westin Hotel in order to ascertain who these entities were. Defense counsel informed Ms. Martin's counsel that she was unable to furnish the licensing agreement on the grounds that a separate entity was in possession of it. However, defense counsel informally represented to Ms. Martin's counsel that Host Indianapolis, LP was the owner of the hotel where Ms. Martin's injuries occurred, and that Merritt Hospitality, LLC was the hotel's operator.

On March 27, 2020, Westin Hotel furnished its discovery responses, verifying that Westin Hotel, a subsidiary of Marriott International, Inc., did not own or operate the Westin Hotel in Indianapolis, Indiana, though it was the licensor of this hotel. Westin Hotel's discovery responses also reflected that HST Lessee Indianapolis, LLC was the hotel tenant and licensee of the hotel at the time of Ms. Martin's injury, and that Merritt Hospitality, LLC was the operator. Although defense counsel had previously indicated that Host Indianapolis, LP was the owner, this information turned out to be inconsistent with the written discovery responses.

Based on Westin Hotel's discovery responses and defense counsel's informal representations, on April 1, 2020, Ms. Martin moved to amend her complaint to name as defendants the four entities identified by Westin Hotel, including: HST Lessee Indianapolis, LLC; Merritt Hospitality, LLC; Host Indianapolis, LP; and Westin Hotel's parent corporation, Marriot International, Inc.  Westin Hotel objected to Ms. Martin's request to the extent it sought to pursue claims against it and Marriot International, Inc., maintaining that these entities "had no ownership or operation control over the Westin Hotel in Indianapolis at any point prior to, during, or after Plaintiff's alleged fall." Westin Hotel and its parent company thus opposed Ms. Martin's attempts to amend her complaint rather than agreeing to their dismissal from this litigation. Consistent with Federal Rule of Civil Procedure 72(a), we referred Ms. Martin's Motion to Amend to the Magistrate Judge for a ruling. Following a conference with the parties, and in recognition of the complexities involved in identifying the proper defendants, the Magistrate Judge, over Westin Hotel's objections, granted Ms. Martin's request to file an amended complaint.

Of particular concern here is the citizenship of one newly added defendant, Host Indianapolis, LP. On June 2, 2020, Westin Hotel, Marriott International, Inc., and Host Indianapolis, LP moved to remand this case on the grounds that our Court had been divested of its subject matter jurisdiction, given that Host Indianapolis, LP is, like Ms. Martin, a citizen of Texas, thereby destroying complete diversity. Ms. Martin opposed the motion in part because defendants had provided no basis for their assertion that Host Indianapolis, LP is a Texas citizen, nor could she ascertain the citizenship of Host

Indianapolis, LP's members since this information was not public.[2] Host Indianapolis, LP submitted a jurisdictional statement stating that its partner, Host Indianapolis Hotel Member LLC, had one member, Host Hotels & Resorts LP, with partners in all fifty states, including Texas. After reviewing the multiple levels of partners and members, we have determined that Host Indianapolis, LP is a citizen of Texas, rendering it non-diverse to Ms. Martin.

Thus, we must determine what impact the addition of a non-diverse party subsequent to removal has on our subject matter jurisdiction.

"Whether subject matter jurisdiction exists is a question answered by looking at the complaint *as it existed at the time the petition for removal was filed*." *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) (emphasis in original). "Once an action is properly removed from state court to federal court, an amendment of the complaint rendering it outside the federal court's jurisdiction does not defeat the original removal." *Id.* However, 28 U.S.C. § 1447(e) carves out an important caveat to these general principles: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit

---

[2] Ms. Martin also argued that Host Indianapolis, LP was a citizen of Delaware and Maryland, not Texas, because the members she was able to identify from public records were formed in and have their principle places of business in Delaware and Maryland. But these are "jurisdictionally irrelevant facts" for the purpose of properly alleging the citizenship of a limited liability company or partnership. *Baymont Franchise Sys., Inc. v. Calu Hosp.*, LLC, 113 F. Supp. 3d 1000, 1001 (N.D. Ill. 2015) (Shadur, J.). As previously noted, we look instead to the members of a limited partnership to determine its citizenship. *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829, 2020 WL 995774 (7th Cir. 2020) ("But Insight Kentucky Partners II was not a corporation, so its citizenship depended on the citizenships of each partner—and if any partner is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced[.]").

joinder and remand the action to the State court." Accordingly, if joinder of a non-diverse party, such as Host Indianapolis, LP, strips the court of subject matter jurisdiction, section 1447(e) yields two options: "(1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Ctrs., Inc*., 577 F.3d 752, 759 (7th Cir. 2009).[3] Deciding which option to take is a matter within our discretion, and in exercising that discretion, we "should balance the equities to make that determination." *Id.* Factors typically considered by the Seventh Circuit and the district courts located therein include the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; the timeliness of the request to amend; the potential prejudice to the parties; and any other relevant equitable considerations, including the defendant's interest in a federal form. *Id.*; *In re Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 1204, 2001 WL 85841 (S.D. Ind. 2001).

In the present case, the jurisdictional challenges raised in the defendants' motion to remand were not presented to the Court prior to the Magistrate Judge's review of and decision on Ms. Martin's request to amend her complaint. Nor did the defendants object on jurisdictional grounds to the Magistrate Judge's order granting the motion to amend. The propriety of joining the non-diverse party was thus not considered by the Court in advance of Ms. Martin's filing of her Amended Complaint, though it clearly should have

---

[3] Prior to the enactment of section 1447(e), the district court had discretion to retain jurisdiction over a matter where the addition of a non-diverse defendant destroyed complete diversity so long as the non-diverse defendant was not "indispensable." Section 1447(e) supersedes such an analysis. *Webster v. Black & Decker, Inc*., 2005 WL 3307506, at *2 (W.D. Wis. Dec. 6, 2005); *Vasilakos v. Corometrics Med. Sys., Inc*., 1993 WL 390283, at *2 (N.D. Ill. Sept. 30, 1993).

been raised by the parties. *See id.*; *Conner v. Ford Motor Co.*, 2008 WL 2704899, at *1 (S.D. Ill. July 9, 2008). ("In seeking to amend their Complaint to add defendant[s] . . . Plaintiffs never made a proper showing under § 1447(e). Although Plaintiffs' motions for leave to amend were granted, it was an oversight of the Court not to require this showing."). Nonetheless, in such circumstances where the Court did not recognize the jurisdictional implications of permitting the filing of an amended complaint, we are permitted *sua sponte* to reconsider the order so allowing. *Schur*, 577 F.3d at 759. Because the parties have not addressed the application of section 1447(e) or its accompanying equitable factors, nor did the Court consider these factors when it permitted Ms. Martin to file her Amended Complaint, we find it necessary to reconsider whether the addition of Host Indianapolis, LP was proper. *See id.*; *Conner v. Ford Motor Co.*, 2008 WL 2704899, at *1 (S.D. Ill. July 9, 2008).

     Given that the jurisdictional consequences of adding Host Indianapolis, LP as a defendant were not disclosed to Ms. Martin prior to the filing of her Amended Complaint, we believe she should be afforded an opportunity to evaluate whether she wishes either to 1) dismiss Host Indianapolis, LP as a defendant and proceed with this litigation in our Court or 2) continue to pursue litigation against this non-diverse defendant, which would result in a remand to state court. Accordingly, we direct Ms. Martin to file a jurisdictional memorandum identifying which option she prefers and, if it is the latter, showing why the Court should, in its discretion, permit joinder of the diversity-defeating party in light of 28 U.S.C. 1447(e). Plaintiff shall file her memorandum no later than **fourteen days**

following the date of this Order. Defendants may file their responses, if any, no later than **seven** days after the filing of Ms. Martin's jurisdictional memorandum.

We further note that neither the Amended Complaint nor any of the respective parties' Answers sufficiently establishes the citizenship of two of the newly added defendants, Merritt Hospitality, LLC and HST Lessee Indianapolis, LLC. These defendants are thus each directed to submit jurisdictional statements within **fourteen days** from the date of this order providing adequate information (that is, the citizenship of their members) for the Court to determine their citizenships.

## **CONCLUSION**

Defendant's Motion to Remand [Dkt. 42] is **denied** at this time**.** Consistent with the directives outlined in this Order, Plaintiff is ordered to file a jurisdictional memorandum within **fourteen days** from the date of this Order. Defendants' response(s), if any, are due **seven days** thereafter. Defendants Merritt Hospitality, LLC and HST Lessee Indianapolis, LLC are ordered to submit jurisdictional statements confirming their respective citizenships no later than **fourteen days** from the date of this Order.

IT IS SO ORDERED.

Date:   7/17/2020                                                 _Sarah Evans Barker_

                                                                      SARAH EVANS BARKER, JUDGE
                                                                       United States District Court
                                                                       Southern District of Indiana

Distribution:

Nicholas Gene Brunette
REMINGER CO. LPA (Indianapolis)
nbrunette@reminger.com

Katherine M. Haire
REMINGER CO. LPA (Indianapolis)
khaire@reminger.com

Louis C. Klein
FIDELITY TOWER II
lklein@foleymansfield.com

Joseph V. Macha
FOLEY & MANSFIELD
jmacha@foleymansfield.com